**IN THE US DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TIMOTHY FRANKENFIELD and | : | CIVIL ACTION – LAW |
| BRENDA FRANKENFIELD (h/w) | : | No. _____ |
| 210 N. Ambler Street | : | |
| Quakertown, PA 18951 | : | |
|                 Plaintiffs | : | |
|   v. | : | |
| | : | |
| VLADIMIR NAKARIC | : | |
| 16714 E Lake Goodwin Road | : | |
| Stanwood, WA 98292 | : | |
| | : | |
|   and | : | |
| | : | |
| LUCKY WHEELS LLC | : | |
| c/o Marko Kundacina | : | |
| 1699 Wall Street, Suite 409 | : | |
| Mt. Prospect, IL 60056 | : | |
|                 Defendants | : | |

**<u>Complaint</u>**

1. Plaintiff, Timothy Frankenfield (hereinafter, "Plaintiff"), is an adult individual who resides at the above referenced address in the Commonwealth of Pennsylvania.

2. Plaintiff, Brenda Frankenfield (hereinafter, "Plaintiff Spouse"), is an adult individual who resides at the above referenced address in the Commonwealth of Pennsylvania.

3. At all times relevant to this action, Plaintiff and Plaintiff Spouse (hereinafter, "Plaintiffs") were and continue to be lawfully married.

4. Defendant, Vladimir Nakaric (hereinafter, "Defendant Driver") is an adult individual who resides at the above referenced address in the State of Washington.

5. Defendant, Lucky Wheels LLC (hereinafter, "Defendant Owner" and collectively with Defendant Driver, as "Defendants") is an Illinois corporation with a registered agent for service, Marko Kundacina, located at the above referenced address in the State of Illinois.

6.       Plaintiff is not from the same state as any of the Defendants, and the value of the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. Therefore, this Court has jurisdiction of this action pursuant to complete diversity of citizenship among the parties under 28 U.S.C. § 1332.

7.       On or about December 8, 2022, at approximately 7:43 a.m., Plaintiff was the operator of a Kenworth 2009 T6 series tractor-trailer (hereinafter, "Plaintiff's Vehicle") traveling westbound in the Tuscarora Tunnel of the Pennsylvania Turnpike / Interstate 76 near mile marker 186.9 in Metal Township, Franklin County, Pennsylvania.

8.       At the aforesaid time and location, Defendant Driver was the operator of a 2021 Freightliner M2 106 tractor-trailer (hereinafter, "Defendants' Vehicle"), traveling eastbound in the Tuscarora Tunnel approaching mile marker 186.9, when, suddenly and without warning, Defendant Driver crossed over into the westbound lane of travel and struck Plaintiff's Vehicle head-on at a high rate of speed, causing a violent crash (hereinafter referred to as the "Crash").

9.       At the aforesaid time and location, the Tuscarora Tunnel of the Pennsylvania Turnpike was under maintenance, causing there to be two-way traffic in the tunnel bay in which the Crash occurred – one lane in the eastbound direction and one lane in the westbound direction.

10.      At the aforesaid time and location, Defendant Driver had fallen asleep behind the wheel of Defendants' Vehicle.

11.      At all times relevant to this action, Defendant Owner was the registered owner of Defendant's Vehicle, and Defendant Driver was operating Defendants' Vehicle with Defendant Owner's permission.

12. Upon information and belief, at all times relevant to this action, Defendant Driver was acting within the course and scope of his employment, agency, and/or authority as a commercial truck operator for Defendant Owner.

13. The Crash was caused solely, directly, and proximately as a result of the individual, joint and/or several negligence, carelessness and recklessness of Defendants, as set forth more fully herein.

14. Plaintiff in no way or manner caused or contributed to the Crash or his resulting injuries.

15. As a direct and proximate result of the Crash, Plaintiff suffered severe, permanent, and/or debilitating personal injuries.

16. As a direct and proximate result of the Crash and the negligence, carelessness, and reckless of Defendants, Plaintiff has suffered and may in the future continue to bodily injuries, suffer severe pain, anxiety, depression, emotional distress, humiliation, loss of pleasures and enjoyment of life and/or a serious impairment of one or more bodily functions.

17. As a direct and proximate result of the Crash, the negligence, carelessness, and recklessness of Defendants, and Plaintiff's resulting injuries, Plaintiff has undergone and may in the future undergo various reasonable and necessary medical treatments.

18. As a direct and proximate result the Crash, the negligence, carelessness, and recklessness of Defendants, and Plaintiff's resulting injuries, Plaintiff has been and/or may in the future be required to spend money for medical treatment in an effort to treat and cure himself of the injuries he sustained, to his ongoing detriment and financial loss.

19. As a direct and proximate result of the Crash, the negligence, carelessness, and recklessness of Defendants, and Plaintiff's resulting injuries, Plaintiff has been and/or in the future

may be prevented from being gainfully employed, resulting in a loss of earnings and/or an impairment of his earning capacity, to his ongoing detriment and loss.

20. As a direct and proximate result of the Crash, the negligence, carelessness, and recklessness of Defendants, and Plaintiff's resulting injuries, Plaintiff has been and/or in the future may be required to spend money for household help, to his ongoing detriment and financial loss.

21. As a direct and proximate result of the Crash, the negligence, carelessness, and recklessness of Defendants, and Plaintiff's resulting injuries, Plaintiff has been and may in the future be hindered and/or prevented from attending to and/or fully performing his usual and customary duties, hobbies and/or avocations, to his ongoing detriment and loss.

## COUNT I
### Negligence
### Timothy Frankenfield vs. Vladimir Nakaric

22. Plaintiff incorporates herein, by reference, the averments in the preceding paragraphs, as well as all subsequent paragraphs as though the same were fully set forth herein.

23. The individual, joint and/or several negligence, carelessness and recklessness of Defendant Driver included the following:

    a. Operating Defendants' Vehicle in such a manner as to cause the Crash, specifically by driving on the wrong side of the roadway;

    b. Operating Defendants' Vehicle in such a manner as to cause the Crash, specifically by driving while too distracted and/or tired to safely operate Defendants' Vehicle;

    c. Operating Defendants' Vehicle in such a manner as to cause the Crash, specifically by swerving into oncoming traffic head-on;

    d. Operating Defendants' Vehicle for an excessive period of time, without proper and adequate rest periods;

    e. Operating Defendants' Vehicle in disregard and indifference to the safety, rights and wellbeing of other motorists on the road, including Plaintiff;

  f.  Failing to maintain control of Defendants' Vehicle so as to remain on his side of the roadway;

  g.  Engaging in an activity which distracted Defendant Driver from the roadway conditions immediately in front of him;

  h.  Failing to be alert, aware and attentive to roadway conditions ahead of him;

  i.  Failing to maintain an assured clear distance with other vehicles;

  j.  Failing to take evasive action in order to avoid the Crash;

  k.  Failing to utilize available technology to alert and/or awaken tractor trailer operators, including Defendant Driver, if and when an operator becomes inattentive and/or falls asleep;

  l.  Failing to properly inspect and/or maintain Defendants' Vehicle in a manner to permit safe operation upon the roadways;

  m.  Failing to use proper and adequate judgment under the aforesaid circumstances;

  n.  Operating Defendants' Vehicle while he was unfit, unqualified and too tired and impaired to safely do so;

  o.  Operating Defendants' Vehicle while in violation of 75 Pa.C.S. § 3309(1), driving within single lane;

  p.  Operating Defendants' Vehicle while in violation of 75 Pa.C.S. § 3309(4), prohibitions against changing lanes;

  q.  Operating Defendants' Vehicle in violation of 75 Pa.C.S. § 3714(a), careless driving; and,

  r.  Violating Federal Motor Carrier Safety Administration (FMCSA) regulations, including regulations pertaining to: the maximum hours of consecutive driving; log maintenance and recording; operating a vehicle with deficient or subpar safety mechanisms, brakes or braking support mechanisms; and, operating a vehicle mechanically unfit or unsafe to be operated on an interstate highway.

24. Defendant Driver's conduct in this matter as a commercial driver failing to remain awake and/or maintain alertness, and/or otherwise failing to use caution while operating a

commercial vehicle, was reckless, wanton and outrageous, and justifies the imposition of punitive damages.

**WHEREFORE**, Plaintiff Timothy Frankenfield demands judgment in his favor and against Defendants, individually, jointly and/or severally, and specifically against Defendant Driver Vladimir Nakaric in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with punitive damages in a sum to be determined by a jury, and such further relief as this Honorable Court may deem appropriate.

## COUNT II
### Vicarious Liability - Negligence
### Timothy Frankenfield v. Lucky Wheels LLC

25. Plaintiff incorporates herein, by reference, the averments in the preceding paragraphs, as well as all subsequent paragraphs as though the same were fully set forth herein.

26. Upon information and belief, at all times relevant hereto, Defendant Owner individually and/or jointly, directly and/or by and through its duly authorized agents, ostensible agents, servants, borrowed servants, workmen, contractors, subcontractors, and/or employees, all in the course and scope of such relationship, owned, operated, managed, maintained, controlled, supervised, and/or delegated and assigned operation of its trucking company.

27. At all times relevant hereto, upon information and belief, Defendant Driver was in the course and scope of his employment, agency, and/or authority as a commercial truck operator for Defendant Owner.

28. Upon information and belief, at no time relevant to this action did Defendant Driver commit, engage and/or partake in a "frolic and detour" from his appointed and/or assigned route, destination and/or mission on behalf of Defendant Owner.

29. For all acts and omissions and violations of state and federal laws for which Defendant Driver is liable, Defendant Owner is vicariously liable for such acts and omissions as his employer, principal and/or master.

30. Defendant Owner's individual, joint, and/or several conduct in this matter as a commercial trucking company failing to remove Defendant Driver from the roadway when they knew or should have known Defendant Driver would be tired was reckless, wanton and outrageous and justifies the imposition of punitive damages against Defendant Owner.

**WHEREFORE**, Plaintiff Timothy Frankenfield demands judgment in his favor and against Defendants, individually, jointly and/or severally, and specifically against Defendant Owner Lucky Wheels LLC, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with punitive damages in a sum to be determined by a jury, and such further relief as this Honorable Court may deem appropriate.

**COUNT III**
**Negligence**
**Timothy Frankenfield v. Lucky Wheels LLC**

31. Plaintiff incorporates herein, by reference, the averments in the preceding paragraphs, as well as all subsequent paragraphs as though the same were fully set forth herein.

32. The individual, joint and/or several negligence, carelessness and recklessness of Defendant Owner, directly and/or by and through its duly authorized agents, ostensible agents, servants, borrowed servants, workmen and/or employees, all in the course and scope of such relationship included the following:

    a. Failing to properly maintain and inspect Defendants' Vehicle in a manner to permit safe operation when traveling upon highways and roadways;

    b. Failing to implement a reasonable schedule, so that its commercial truck operators, including Defendant Driver were not required to drive for excessive periods;

    c.    Failing to install, maintain, and/or utilize available technology to alert and/or awaken its commercial truck operators, including Defendant Driver, if and when an operator becomes inattentive and/or falls asleep;

    d.    Failing to install, maintain, and/or utilize available technology to monitor for and alert its commercial truck operators, including Defendant Driver, if and when an operator begins to veer from his established lane of travel;

    e.    Creating, promoting and/or fostering a policy and/or custom by which its commercial truck operators, including Defendant Driver, routinely violated state and federal laws enacted for the purpose of ensuring the safe operation of vehicles under the aforesaid circumstances;

    f.    Failing to properly train and/or supervise its commercial truck operators, including Defendant Driver, with respect to the proper and safe operation of such vehicles;

    g.    Hiring, employing or otherwise authorizing operators including Defendant Driver to operate Defendants' Vehicle despite such operators' inexperience, inability and incompetence to carefully and safely to do so;

    h.    Entrusting Defendants' Vehicle to Defendant Driver's care, custody and operation; and,

    i.    Failing to take reasonable precautions to prevent Defendant Driver from driving at a time when Defendant Driver was incapable of operating Defendants' Vehicle safely and with due and proper care for other motorists.

33. Defendant Owner's individual, joint, and/or several conduct in this matter as a commercial trucking company failing to remove Defendant Driver from the roadway when they knew or should have known Defendant Driver would be tired was reckless, wanton and outrageous and justifies the imposition of punitive damages against Defendant Owner.

**WHEREFORE**, Plaintiff Timothy Frankenfield demands judgment in his favor and against Defendants, individually, jointly and/or severally, and specifically against Defendant Owner Lucky Wheels LLC, in an amount in excess of Seventy-Five Thousand Dollars

($75,000.00), together with punitive damages in a sum to be determined by a jury, and such further relief as this Honorable Court may deem appropriate.

## COUNT IV
## Loss of Consortium - Negligence
## Brenda Frankenfield v. All Defendants

34. Plaintiffs incorporate herein, by reference, the averments in the preceding paragraphs, as well as all subsequent paragraphs as though the same were fully set forth herein.

35. As a direct and proximate result of the individual, joint, and/or several negligence and carelessness of the Defendants, the Crash, and Plaintiff's resulting injuries, as set forth above, Plaintiff Spouse suffered and may in the future continue to suffer the loss of Plaintiff's financial assistance, household assistance, companionship, affection and comfort.

36. As a direct and proximate result of the individual, joint and/or several negligence and carelessness of Defendants, and Plaintiff's resulting injuries, as set forth above, Plaintiff Spouse has expended and may in the future expend specific time, care and/or treatment of Plaintiff.

**WHEREFORE**, Plaintiff Spouse Brenda Frankenfield demands judgment in her favor and against Defendants, individually, jointly and/or severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together such further relief as this Honorable Court may deem appropriate.

**OSTROFF | GODSHALL** – Injury and Accident Lawyers

Date: 11/7/2023   By:   */s/ Richard Godshall*
Richard Godshall, Esq.
Joshua Tebay, Esq.
*Attorneys for Plaintiffs*
PA Attorney ID Nos.: 93467, 203991
518 E. Township Line Road, Suite 100
Blue Bell, PA 19422
(610) 279-7000
rgodshall@ostrofflaw.com
jtebay@ostrofflaw.com